This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Bernard Clark, appeals from his conviction for felonious assault in the Summit County Court of Common Pleas. We affirm.
On September 12, 2000, the Summit County Grand Jury indicted Defendant on one count: felonious assault, in violation of R.C. 2903.11(A)(1). A jury found Defendant guilty. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR I Defendant's conviction was against the manifest weight of the evidence.
In his sole assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that his conviction for felonious assault was contrary to the manifest weight of the evidence. We disagree.
"[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Furthermore, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of fact. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4.
Defendant was found guilty of felonious assault, in violation of R.C.2903.11(A)(1). Felonious assault occurs when one "knowingly * * * [c]ause[s] serious physical harm to another[.]" R.C. 2903.11(A)(1).
At trial, Damon Dixon ("Dixon") testified that on June 4, 2000, he went to an after hours club with his brother and a friend. Dixon stated that before entering the club, he and Defendant had "words" about fighting and, following this exchange, Defendant drove off in a "chameleon" colored Corvette. He admitted that he does not like Defendant and their meetings are always confrontational. Dixon further testified that he again encountered Defendant when he left the club. Specifically, he saw Defendant approaching him in the "chameleon" colored Corvette and, as he sped by with the window down, Defendant fired approximately three shots in his direction. Dixon declared that he was hit in the foot and the shin. Dixon conceded that he did not initially divulge the identity of the shooter to the police, and explained that he withheld this information because he wanted to "retaliate[.]" However, Dixon testified that he called the police the following day to press charges against Defendant.
Officer Marland Mallard testified that he investigated the shooting and questioned Dixon. He further testified that Dixon did not indicate who shot him or the type of car. Officer Mallard stated that victims generally provide some type of description or name of the alleged suspect when questioned.
Sergeant John Callahan testified that Dixon called him the day after the shooting and identified Defendant as the shooter. Moreover, Dixon provided Sergeant Callahan with Defendant's description and a description of his car. He further named Tony McDowell ("McDowell") as a witness to the shooting. Sergeant Callahan interviewed McDowell. During this interview, McDowell reiterated that Defendant was the shooter and he drove a "chameleon" colored Corvette. Sergeant Callahan also testified that Dixon and McDowell were able to identify Defendant from a photo array. Lastly, Sergeant Callahan stated that the "chameleon" colored Corvette was discovered at Dave's Auto Sales car lot.
Officer John Scalise testified that he found the "chameleon" colored Corvette at Dave's Auto Sales car lot on June 20, 2000. He further stated that Shawntay Drummond, Defendant's sister, sold the car to Dave's Auto Sales.
Shawntay Drummond ("Drummond") testified that she took the car from Defendant near the beginning of May 2000, and the car remained in her garage until it was sold in June 2000. Drummond acknowledged selling the car to Dave's Auto Sales. She further stated that there was only one set of keys to the car and they were in her possession.
David Dodds ("Dodds"), owner of Dave's Auto Sales, testified that he bought the car on June 12, 2000. Dodds stated that Defendant wanted to sell the car because "it's not good for him to drive it[; it] stands out too much[.]" Dodds agreed that he told an investigator that he thought the car was "hot[,]" but he maintained that he did not believe that Defendant was involved in a crime.
Cameron Mackinzie ("Mackinzie") testified that on June 4, 2000, he never saw Defendant in a Corvette; rather, he saw Defendant in a rented Monte Carlo. He further testified that Defendant did not have a driver's license, which is required to rent a car. Mackinzie admitted that the first time he disclosed his story was two weeks before trial.
Defendant argued that the State's witnesses were not credible. As such, Defendant asserted that the evidence did not support his conviction for felonious assault.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of felonious assault. Accordingly, Defendant's sole assignment of error is overruled.
Defendant's assignment of error is overruled. The conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.